**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

RICHARD THOMAS WALSH
9628 Galaxie Cir.
Port Charlotte, FL 33981-4023

                            Plaintiff,

      vs.

SUMMIT A*R, INC.
12201 Champlin Dr.
Champlin, MN 55316,
     **Serve on**:
Incorp Services, Inc.
3458 Lakeshore Drive
Tallahassee, FL 32312

and

EQUIFAX INFORMATION SERVICES,
LLC
1550 Peachtree Street, NW
Atlanta, GA 30309
     **Serve on:**
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

                          Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR A JURY TRIAL

COMES NOW Plaintiff, Richard Walsh, by and through undersigned

counsel, Joseph S. Mack, of the Law Offices of Joseph S. Mack, and files this

1

Complaint against Defendants, Summit A*R, Inc. ("Summit") and Equifax Information Services, LLC ("Equifax"), and in support hereof states as follows:

## INTRODUCTION

1.      Plaintiff has been falsely accused of owing a debt by Defendants. Specifically, Defendants have been claiming that Plaintiff owes thousands of dollars to a premium car rental company called Sixt Rent A Car, LLC ("Sixt") for unpaid car rental fees. But Plaintiff has never rented a car from Sixt, never had any dealings with Sixt, and does not owe Sixt any money. Plaintiff disputed this objectively and readily verifiably false reporting with Defendant Equifax, triggering a requirement under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq.*, for Defendants to conduct reasonable investigations into whether Plaintiff owed the alleged debt, which they failed to do. Instead, they left the derogatory information on Plaintiff's credit reports to damage his credit and financial reputation.

## PARTIES

2.      Plaintiff Richard Walsh is a Florida resident.

3.      Defendant Summit is a Minnesota limited liability company registered to do business in Florida.  It is a furnisher as defined in the FCRA.

4.      Defendant Equifax is a Georgia limited liability company registered to do business in Florida. Defendant Equifax is a consumer reporting agency (a "CRA") under 15 U.S.C. §1681a(f).

2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter because the operative events in this Complaint took place in Charlotte County, Florida and the Defendants regularly transact business in Florida.

6. Plaintiff brings claims against Defendants pursuant to the FCRA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7. Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENTS OF FACT

8. Plaintiff was surprised to find in October of 2025 that TransUnion, LLC ("TransUnion") and Defendant Equifax had started reporting on his credit reports from those companies that Plaintiff owed Sixt thousands of dollars based on false reporting by Defendant Summit, dropping his credit score based on reports from those companies dozens of points.

9. Plaintiff has never rented a car from Sixt, nor done any business with Sixt or have any reason to owe Sixt any money at all, much less thousands of dollars.

10. Plaintiff contacted Defendant Summit, explaining that he had never done business with Sixt and that Defendant Summit was incorrectly pursuing him for a false debt, and asked for any evidence supporting Defendant Summit's claims that Plaintiff owed Sixt any money.  Defendant Summit did not produce

3

any such information in response to his request, yet still continued reporting the alleged debt to TransUnion and Defendant Equifax.

11.     On March 30, 2026, Plaintiff mailed dispute letters to TransUnion and Defendant Equifax including his personal identifying information and reading, in relevant part:

> I am writing to dispute the following information that appears on my [ ] consumer report:
>
> There is an entry from "Summit A*R, Inc." for Sixt Rent a Car LLC SAP for $3,354, account number *9328.  I have never done any business with Sixt Rent a Car and I don't owe them any money.  They must have me confused with a different Richard Walsh.  I'm including a copy of my drivers' license so you can see that they do not have the right Richard Walsh.
>
> What You Can Do To Investigate This Dispute:
>
> 1.     Please ask Summit A*R and Sixt Rent a Car if they have paperwork showing the address and ID of the person who rented the car – it will not match the ID that I have included here, because I never rented a car with Sixt Rent a Car.
> 2.     If you need any more documents or information please contact me.
>
> Please remove this false reporting from my credit reports.

Plaintiff attached a copy of his driver's license to the March 30, 2026 dispute letters.

12.     In accordance with their duty under the FCRA, each of TransUnion and Defendant Equifax sent Plaintiff's March 30, 2026 dispute letters to the furnisher of the disputed information, Defendant Summit.

4

13.     Defendants failed to conduct reasonable investigations into Plaintiff's March 30, 2026 dispute letters, and as a result, Defendant Equifax continued to report the false debt.  In contrast, TransUnion ceased reporting the alleged debt in response to the March 30, 2026 dispute letters, and as a result is not a defendant in this matter.

14.     As a result of the failure to conduct a reasonable investigation, the Summit trade line continued to appear on consumer reports provided by Defendant Equifax, Defendants continued to report a false delinquent debt, and that false reporting continued to place Plaintiff's reputation in a false light because others have access to the false information.

15.     After Plaintiff experienced the decline in his credit standing, and realized Defendants were going to continue to report the false derogatory information about him this time even after he disputed the trade line, Plaintiff experienced bouts of emotional distress that included anxiety, frustration, knots in his stomach, and loss of sleep.

16.     Further, on May 19, 2026, Plaintiff applied for a credit card, and his application was denied based on his credit score based on a report prepared by Defendant Equifax containing the false information from Defendant Summit, specifically stating that collections accounts contributed to his lower score.  The Summit trade line was the only collections account on Plaintiff's reports.

17.    Other businesses have seen the false information on Plaintiff's credit reports.

## COUNT ONE – Violation of the Fair Credit Reporting Act – Failure to Conduct Reasonable Investigations Under 15 U.S.C. § 1681s-2(b)
### (Defendant Summit)

18.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

19.    The FCRA requires that a furnisher such as Defendant Summit, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the information is incomplete, inaccurate or cannot be verified, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

20.    Plaintiff disputed the false information regarding his alleged debt on the with TransUnion and Defendant Equifax through his March 14, 2026 dispute letters.

21.    Pursuant to the FCRA, TransUnion and Defendant Equifax each sent Plaintiff's March 30, 2026 disputes to the furnisher of the false information: Defendant Summit.

22. Even after Plaintiff's disputes, which explained why he did not owe the debt and provided supporting documentation, Defendant Summit continued to report the inaccurate delinquency to Defendant Equifax.

23. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

24. After receiving notice by TransUnion and Defendant Equifax, as required by the FCRA, Defendant Summit engaged in conduct that violates 15 U.S.C. § 1681s-2(b), by:

a. Willfully failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully failing to report the results of investigations to Defendant Equifax;

c. Willfully failing to report an accurate status of the inaccurate information to Defendant Equifax;

d. Willfully failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.    Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Defendant Equifax; and

f.    Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

25.    In the alternative, the above-described violations were negligent.

26.    Defendant Summit's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages, and harm to Plaintiff that are described above.

**COUNT TWO – Violation of the Fair Credit Reporting Act – Failure to Investigate**
**(Defendant Equifax)**

27.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

28.    The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

8

29.     The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." *Id*.

30.     Defendant Equifax failed to conduct reasonable reinvestigations of the inaccuracies that the Plaintiff disputed.

31.      Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

32.     Defendant Equifax's failures to conduct a reasonable reinvestigation was willful under the FCRA, as Defendant Equifax recklessly disregarded its obligations to conduct a reasonable reinvestigation and consider the documentation provided by Plaintiff.

33.     In the alternative, Defendant Equifax's failures were negligent.

34.     As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

## COUNT THREE – Violation of the Fair Credit Reporting Act – Failure to Maintain Reasonable Procedures
### (Defendant Equifax)

35.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

36.    Despite receiving complaints and disputes from Plaintiff, Defendant Equifax failed to correct the disputed erroneous information.

37.    Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b). The basis of this allegation is the fact that Plaintiff gave Defendant Equifax proof that Defendant Summit was reporting inaccurate information, yet Defendant Equifax continued to report the false debt.

38.    As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

## CONCLUSION

WHEREFORE, Plaintiff prays that this Court:
   A) Find in favor of Plaintiff in counts 1–3;
   B) Award an amount of actual damages for each claim to be determined by a jury;
   C) Award punitive damages at an amount to be determined by a jury for willful violations of the FCRA against Defendants; and

D) Award attorney's fees and costs pursuant to the fee-shifting statutes in counts 1-3.

Respectfully Submitted,

/s/ Joseph Mack
Joseph S. Mack
The Law Offices of Joseph S. Mack
Florida Bar#: 1018630
joseph@macklawonline.com
Tel: (305) 767-2629
106 Pelican Rd.
Tavernier, FL 33070

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joseph Mack
Joseph S. Mack

## NOTICE OF LEAD COUNSEL DESIGNATION

Pursuant to Local Rule 2.02(a), Joseph Mack, of the Law Offices of Joseph S. Mack, is designated as Plaintiff's lead counsel in this matter.

Respectfully Submitted,

/s/ Joseph Mack
Joseph S. Mack